**In re Philip R. COHN, Bankrupt.**

**Robert Y. MURRAY, Trustee, Plaintiff,**

**v.**

**David E. LYON, Defendant.**

**Bankruptcy No. 80–00014–G.**
**Adv. No. 4–80–0177.**

United States Bankruptcy Court,
D. Massachusetts.

June 2, 1981.

James F. Queenan, Worcester, Mass., for plaintiff.

Paul S. Doherty, Springfield, Mass., for defendant.

## MEMORANDUM ON TRUSTEE'S REQUEST FOR PRELIMINARY INJUNCTION

PAUL W. GLENNON, Bankruptcy Judge.

The trustee in bankruptcy has brought a Complaint to recover approximately $400,-000 which he alleges was loaned by the bankrupt to the defendant, David Lyon. Mr. Lyon is the brother-in-law of the bankrupt, and has filed his Answer and, although admitting that numerous loans were made to him, has defended upon his allegation of a right to a set-off against the amount owed. As his first two prayers for relief the trustee sought a temporary restraining order and a preliminary injunction prohibiting Mr. Lyon from transferring or encumbering any interest he has in certain trusts, partnerships and corporations. The basis for the request is the allegation that Lyon and the bankrupt were involved in

certain "joint ventures" and that the loan money was a part of those ventures. Since the bankrupt has pled guilty to over 100 counts of larceny in a real estate investment scheme, the trustee is concerned that any property owned by Mr. Lyon be available for judgment.

Considering all the facts in the case, the trustee alleges that "there is a substantial likelihood that the defendant will transfer or encumber the securities" referred to in the complaint, and that those securities represent "a substantial portion of the defendant's property available to pay any judgment". There was a hearing and a stenographic record of arguments by counsel for both parties, and the matter was taken under advisement.

The trustee's request for a preliminary injunction is in actuality a request for an equitable attachment of property which could not otherwise be attached or taken on execution. See, Mass.Gen.Laws C.214, § 3(7)(8); *McCarthy v. Rogers*, 295 Mass. 245, 3 N.E.2d 787 (1936). The trustee has also requested by separate Motion filed the same day as his Complaint an attachment on all real estate of the defendant located in Hampden County, Massachusetts, to the value of almost $400,000. In his affidavit in support thereof, the trustee avers that David Lyon admitted under sworn oath that he owed the bankrupt money for numerous loans although he was unsure about the amount, since the bankrupt kept all such records.

■ A review of the cases on this point indicates that *Anderson Foreign Motors, Inc. v. New England Toyota Distributor, Inc.*, 475 F.Supp. 973 (D.Mass.1979) is controlling on the question of what standards should be applied in determining whether or not to grant an attachment or preliminary injunction. The facts of that case are almost·identical to the case at bar. In *Anderson*, certain automobile dealers brought an antitrust action against an automotive distributor seeking $7,000,000 in damages. In order to obtain security for any judgment they might receive, the plaintiffs sought to attach certain real estate of the defendant,

as well as to enjoin the defendant's disposition of certain stock and other assets. The district court (Garrity, D. J.) held that pursuant to Rule 64 of the Fed.R.Civ.P., "state law [of the state where the district court is sitting] controls the availability of provisional remedies to secure satisfaction of a judgment", *Anderson* supra, at 977, and particularly refers to "attachment" and "other corresponding or equivalent remedies". Rule 64 Fed.R.Civ.P. Judge Garrity correctly noted that the motion for preliminary injunction in effect seeks an equitable attachment, and therefore looked to state law for the standards of granting both the attachment and preliminary injunction motions. I would concur with that reasoning and thereby would hold that the, standard for obtaining a preliminary injunction which in reality is no more than a request for an equitable attachment is that found under Rule 64 of the Fed.R.Civ.P., and not Rule 65 as is the case for all other preliminary injunction requests.

■ Turning now to the state law to be applied, Judge Garrity held that under Massachusetts law real estate may be the subject of an attachment, Mass.R.Civ.Pro., Rule 4.1; M.G.L. c. 223, § 71, and that state law appears to provide a procedure for preventing the disposition of the types of property sought to be enjoined here. M.G.L. c. 214, § 3(7) & (8), and *McCarthy v. Rogers*, supra. Thus, he concluded, as I do, that under Massachusetts law, the federal district court (or a bankruptcy court, in this instance) sitting in Massachusetts may entertain a motion for an attachment of real estate and a motion to enjoin the disposition of certain stock and trust securities. Judge Garrity then enumerated the standards of Mass. law to be applied by the federal courts in this state with regard to the in-, stant motions.

As to the issuance of a writ of attachment, Mass. law requires that the plaintiff show "a reasonable likelihood that [he] will recover judgment, including interest and costs, in an amount equal to or greater than the amount of the attachment over and above any liability insurance shown by the

defendant to be available to satisfy the judgment. Mass.R.Civ.P. Rule 4.1(c). As to the standard for granting a preliminary injunction, the district court came to a slightly different conclusion.

"In particular, plaintiffs must demonstrate more than just a probability of success on the merits in order to prevail ... they must also show a reasonable likelihood that they will recover a judgment in excess of the total value of the property that is the subject of plaintiff's two motions. Cf., *Fuentes v. Shevin*, 407 U.S. 67, 97, 92 S.Ct. 1983, 2002, 32 L.Ed.2d 556 (1972). *Anderson*, supra at 978.

■■■ As was the case in *Anderson*, there is no evidence of any liability insurance available to satisfy a judgment. Therefore, the sole questions to be answered are:

1. Is there a reasonable probability of success on the merits?; and

2. Is there a reasonable likelihood that they will recover a judgment in excess of the total value of the property that is the subject of the two motions?

This court feels that the answer to the first question is in the affirmative. There is an admission by the defendant that money was loaned to him. His defense of set-off appears to be based upon a possible prospective liability which is not the proper subject of a set-off. Therefore, it is likely that plaintiff will succeed on the merits. Thus, I can and will properly grant the plaintiff's motion for an attachment on real estate to the value of $396,828.07. However, there has been no showing as to the value of that real estate or of the property which is the subject of the preliminary injunction motion. Therefore, the bankruptcy court, based upon the rule set forth in *Anderson*, cannot grant a preliminary injunction without further hearing or a stipulation between the parties. However, in view of the large sum involved, and taking into account all the circumstances surrounding the bankrupt and his affairs, with due regard for the trustee's concern over the availability of any and all property to satisfy a judgment, this court is prepared to once again tempo-

rarily restrain the disposition of any and all property referred to in prayer number 1 of plaintiff's complaint until further hearing can be had on the question of the value of that property, as well as the value of the real estate heretofore referred to.